UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

PHILLIP WADE GRANDISON,

    Plaintiff,

v.

LIFE TREATMENT CENTER,

    Defendant.

CAUSE NO. 3:20-CV-170-DRL-MGG

OPINION & ORDER

Phillip Wade Grandison, without counsel, filed a complaint against the Life Treatment Center along with a motion to proceed *in forma pauperis*. When presented with such an application, the district court makes two determinations: (1) whether the suit has sufficient merit; and (2) whether the plaintiff's poverty level justifies IFP status. *See* 28 U.S.C. § 1915(e)(2); *Denton v. Hernandez*, 504 U.S. 25, 27 (1992); *Smith-Bey v. Hosp. Adm'r*, 841 F.2d 751, 757 (7th Cir. 1988). If a court finds that the suit lacks sufficient merit or that an inadequate showing of poverty exists, the court must deny the IFP petition. *See Smith-Bey*, 841 F.2d at 757.

A court must dismiss a case at any time if it determines that the suit is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). To determine whether the suit states a claim under 28 U.S.C. § 1915(e)(2)(B)(ii), a court applies the same standard as it would for a motion to dismiss filed under Federal Rule of Civil Procedure 12(b)(6). *Tate v. SCR Med. Transp.*, 809 F.3d 343, 345 (7th Cir. 2015). In deciding a motion to dismiss under Rule 12(b)(6), the court must accept all well-pleaded factual allegations as true and view them in the light most favorable to the plaintiff. *Luevano v. WalMart Stores, Inc.*, 722 F.3d 1014, 1027 (7th Cir. 2013). To survive dismissal, a "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and

citation omitted). However, "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted).

In this case, Mr. Grandison satisfies the financial prong of the analysis, but the complaint falls short of what is required to state a claim. He alleges that he was ordered by the court to stay at the Life Treatment Center (the Center). He does not indicate when or why this occurred. While there, an unnamed female employee tried to initiate a relationship with him, which was against the Center's rules. Other unnamed female employees made fun of his penis size. One woman in particular would observe him via a video camera when he was submitting his required urine samples. Mr. Grandison alleges that he was kicked out of the Center and that, as a result, he was "on probation and parole and [he] had to go to the county jail for 30 days." ECF 1 at 2. Mr. Grandison seeks monetary damages and injunctive relief in the form of having the employees fired.

To proceed on a valid claim pursuant to 42 U.S.C. § 1983, "a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). With regard to the state action doctrine, generally there must be "such a close nexus between the State and the challenged action that the challenged action may be fairly treated as that of the State itself." *Rodriguez v. Plymouth Ambul. Serv.*, 577 F.3d 816, 823 (7th Cir. 2009) (internal quotation marks and citation omitted). It is not clear from the complaint that the Center,[1] its relationship to the state (if any), and the treatment and/or services provided to Mr. Grandison (again, if any) fall within the "range of circumstances" that could potentially constitute state action. *See id.* at 822-28.

---

[1] According to its website, Life Treatment Centers, Inc. is a "non-profit, community-based organization that has served the chemical dependency needs of the St. Joseph County/North Central Indiana community since 1972." *See* https://www.lifetreatmentcenters.org/about (last visited Apr. 21, 2020).

However, even assuming that state action did exist, the claim would still fall short. Neither a private company nor a municipality can "be held liable under § 1983 on a *respondeat superior* theory." *Calhoun v. Ramsey*, 408 F.3d 375, 379 (7th Cir. 2005) (citing *Monell v. N.Y. City Dept. of Social Servs.*, 436 U.S. 658, 691 (1978)); *see also Johnson v. Dossey*, 515 F.3d 778, 782 (7th Cir. 2008) (a "private corporation is not vicariously liable under § 1983 for its employees' deprivations of others' civil rights"). Rather, corporate liability exists only "when execution of a [corporation's] policy or custom . . . inflicts the injury." *Calhoun,* 408 F.3d at 379. Here, Mr. Grandison has not named any individual employees as defendants. Moreover, he has not alleged, nor is it reasonable to infer, that his civil rights have been violated based on the Center's policy or custom. While the court does not excuse the behavior Mr. Grandison has alleged, the complaint does not state a claim for relief.

Nevertheless, the court will give Mr. Grandison an opportunity to file an amended complaint. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013). If, after reviewing the court's order and addressing the deficiencies noted above, Mr. Grandison believes that he can plausibly state a claim, he may file an amended complaint on this court's **Civil Complaint (INND Rev. 8/16)** form. If he chooses to file an amended complaint, he must put this case number on it and follow all of the directions on the form. He should explain in his own words what happened, when it happened, where it happened, who was involved, and how he was personally injured by the events that transpired, providing as much detail as possible.

For these reasons, the court:

(1) GRANTS Phillip Wade Grandison until **May 27, 2020** to file an amended complaint; and

(2) CAUTIONS Phillip Wade Grandison that, if he doesn't respond by that deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A because the current complaint doesn't state a claim.

SO ORDERED.

April 27, 2020                                    *s/ Damon R. Leichty*
                                                  Judge, United States District Court